CHARLES S. HIGGINS COMPANY, Appellant, *v.* HIGGINS SOAP COMPANY, Respondent.

*Trade mark — Higgins soap — use of a family name by a corporation — differences in labels.*

Charles S. Higgins and another, who composed a firm engaged in the manufacture and sale of soap known as "Higgins soap," transferred the property, business, trade marks, names, devices and processes of the firm to a domestic corporation, Charles S. Higgins Company, by a bill of sale which provided that so long as Higgins was employed by the company he would not make or sell soap in Brooklyn except for the company. Thereafter Higgins ceased to be employed by the company, and he, together with members of his family and others, incorporated the Higgins Soap Company, in New Jersey, for the manufacture and sale of soap, and opened a place of sale in Brooklyn. Each company called its product Higgins soap.

The Charles S. Higgins Company sought to enjoin the Higgins Soap Company from using that name in the business of manufacturing and selling soap, claiming such use to be an infringement of the former's right in the nature of a trade mark to the name.

*Held,* that the right of Charles S. Higgins to carry on the soap business in Brooklyn, except upon the condition of his employment by the plaintiff, was necessarily implied in the bill of sale to the plaintiff;

That the use of the name of Higgins by the family of Charles S. Higgins, in connection with himself and others, of itself gave no right of action;

That the labels on the articles manufactured by the two companies being entirely different, there would be, under the proof, apart from the use of the word "Higgins" in the corporate name and stamped on the manufactured product, no cause of complaint either that the business of the parties was liable to lead to confusion among purchasers or that it was carried on to deceive the public;

And, hence, that no case for an injunction was made out.

APPEAL by the plaintiff, Charles S. Higgins Company, from a judgment of the Supreme Court dismissing the complaint upon the merits, entered in the office of the clerk of Kings county on the 31st day of January, 1893, upon the decision of the court, rendered after a trial by the court at the Kings County Special Term.

The action was brought by the Charles S. Higgins Company to perpetually restrain the defendant, the Higgins Soap Company, from manufacturing or selling soap or like products within the State of New York under said name of Higgins Soap Company, or using said name within the State of New York in connection with such business; from using in the business of manufacturing or selling soap or like products within the State of New York any name or style similar to said name of Higgins Soap Company, or any imitation of the name of Charles S. Higgins Company; and from in any manner representing, within the State of New York, that it is the plaintiff, or making any representations liable to lead the public to believe that the defendant company is the plaintiff company.

*H. Aplington*, for the appellant.

*Jesse Johnson*, for the respondent.

DYKMAN, J.:

William B. Higgins started a business of manufacturing soap in 1846. Charles S. Higgins, his son, became subsequently a partner with his father in the business. After the death of the elder Higgins the business was acquired by Charles S. Higgins and John J. Morgan. They continued such owners until December, 1891, when the plaintiff was organized as a domestic corporation for the manufacturing and selling soap. The proprietors, Higgins and Morgan, then assigned the property used in the manufacture of soap by them, real and personal, with the good will of the business, with the trade marks and all names and devices employed in distinguishing the manufactured product, and the right to all secret processes used by the grantors during the life of Charles S. Higgins. The paper provided that as long as Higgins was allowed a salary of $15,000 a year he would instruct persons acting for the company in the firm methods of manufacture. The paper further provided that so long as Higgins was employed at this salary he would not make or sell

soap in the city of Brooklyn except for the plaintiff company. Higgins ceased to be employed in 1891, and he, with his wife and son and two other persons, procured the incorporation of the defendant in the State of New Jersey. The defendant opened a place of sale in Brooklyn. The old private firm had manufactured soap sold under different names, but the principal article was known as "Chas. S. Higgins German Laundry Soap." The defendant marks his soap on the label "Higgins Soap Co., Original Laundry Soap, Chas. S. Higgins, Prest.," and on one side of the bar of soap, inclosed within the labels, "Higgins Soap Company, Chas. S. Higgins, Prest.," and on the other side of the bar, "Original Laundry." The soap of the private firm and of the plaintiff was well known in the market as "Higgins Soap," and the plaintiffs more or less known as the "Higgins Soap Company." The basis of this action is such as is involved in trade-mark cases. The use of the name of Higgins by the family of Charles S. Higgins, in connection with himself and others, of itself, gives no right of action. (*Meneely* v. *Meneely*, 62 N. Y. 427.)

The evidence is to the right to relief for the use of a trade mark and to prevent fraud and imposition. The name of Higgins was in the corporate description of both companies and both companies do business in Brooklyn city. Each company manufactures soap and each calls its product Higgins soap. There was no covenant by Charles S. Higgins that he would not carry on a soap business in Brooklyn except upon the condition of his employment by the plaintiff, and his right to so carry on the soap-making business was necessarily implied in the bill of sale. Charles S. Higgins has very little interest in the defendant corporation, one-twelfth only. The labels on the manufactured articles are entirely different. One is bright yellow and the other is blue. The distinctive word "German," which the plaintiff has the right to use as indicating its product, is absent from the defendant's label. The plaintiff's label has a German recommendation for a soap which will not destroy the fabric washed. The defendant's has a recommendation in four different languages that the defendant's soap is made of the very best materials and without adulteration, and will not injure the fabric. The place of manufacture of defendant's soap is printed plainly on the labels used. The plaintiff's label contains no place of manufac-

ture. Apart from the use of the word "Higgins" in the corporate name, and stamped on the manufactured product, there would be no cause of complaint, either that the business of the parties was liable to confusion among purchasers, or that it was carried on to deceive the public. No case was made out for an injunction under this proof. (*Munro* v. *Tousey,* 129 N. Y. 38.)

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment affirmed, with costs.